OPINION
{¶ 1} Appellants Carl and Karrie Bowman appeal the decision of the Richland County Court of Common Pleas that granted summary judgment to United States Fidelity and Guaranty Company ("USFG") and Liberty Mutual Insurance Company ("Liberty Mutual"). The following facts give rise to this appeal.
 {¶ 2} On August 8, 2000, Appellee Victor Hudak negligently backed out of his driveway and into the side of a car driven by Appellant Carl Bowman. Appellee Karrie Bowman, a passenger in Carl's vehicle, sustained serious injuries and incurred medical expenses in excess of $50,000.
 {¶ 3} At the time of the accident, Appellee Victor Hudak was insured by Shelby/Vesta Insurance Company with policy limits of $12,500 per person. Mr. Hudak's insurer paid its policy limits to Appellant Karrie Bowman in exchange for her release of Mr. Hudak.
 {¶ 4} Subsequently, appellants sought UIM coverage under insurance policies issued to their respective employers. On the date of the accident, Appellant Karrie Bowman was employed by Kroger Corporation ("Kroger"). Kroger had a business auto policy issued by USFG with liability coverage in the amount of $5,000,000. Carl Bowman was employed at Citation Corporation ("Citation") on the date of the accident. Citation had a business auto policy, with liability and underinsured motorist coverages, in the amount of $1,000,000, issued by Liberty Mutual. Citation also had a commercial general liability policy issued by Liberty Mutual.
 {¶ 5} The parties filed cross motions for summary judgment. On May 27, 2003, the trial court granted USFG's motion for summary judgment concluding Kroger validly rejected UIM coverage under USFG's business auto policy issued to Kroger. The trial court also granted Liberty Mutual's motion for summary judgment finding no UIM coverage existed under either the business auto policy or the general commercial liability policy. The trial court denied appellants' motion for summary judgment.
 {¶ 6} Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 7} "I. The Trial Court erred in granting summary Judgment in favor of Appellee United States Fidelity Guaranty Company by finding that the Rejection of Uninsured/Underinsured Motorist Coverage was valid under Ohio Law. The Trial Court erred by considering extrinsic evidence in order to find that the offer of Uninsured/Underinsured Motorist Coverage by Appellee USFG was sufficient when its examination should have been confined to the four corners of the contract.
 {¶ 8} "II. The Trial Court erred in granting summary Judgment in favor of Appellee Liberty Mutual Insurance Company by finding that the covered auto exclusion in the Ohio UM/UIM endorsement applied to Appellants and Precluded them from Uninsured/Underinsured Motorist Coverage in the Liberty Mutual Policy."
 "Summary Judgment Standard" {¶ 9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 12} It is based upon this standard that we review appellants' assignments of error.
 I, II {¶ 13} We will address appellants' First and Second Assignments of Error simultaneously pursuant to the recent decisions of the Ohio Supreme Court in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849 and In Re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 14} The above cited cases limit the application of Scott-Pontzerv. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, "* * * by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." Galatis at ¶ 2. The Galatis decision also overruled Ezawa v. Yasuda Fire Marine Ins. Co. of Am.,86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 15} The record indicates the accident in the case sub judice did not occur while either appellant was acting within the course and scope of his or her employment. Accordingly, appellants are not entitled to coverage under the policies of insurance USFG and Liberty Mutual issued Kroger and Citation.
 {¶ 16} Appellants' First and Second Assignments of Error are overruled as moot.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.